UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD J. BENTLEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-526 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| ) | |

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On January 31, 2006, the court entered a judgment, pursuant to the stipulation of the parties, reversing the Commissioner's decision and remanding the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (docket # 19). On February 15, 2006, the parties submitted a joint motion stipulating that plaintiff is entitled to a judgment in the amount of $3,500.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (docket # 20).[1] Upon review, the joint motion will be granted in part and denied in part and judgment will be entered in plaintiff's favor against defendant in the amount of $2,775.

---

[1] Defendant elected not to object to the motion on the basis that it was premature. The judgment remanding this matter to the Commissioner did not become a "final judgment" within the meaning of the EAJA until April 1, 2006, when the government's sixty-day period within which to appeal the judgment expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 506-07 (6th Cir. 1998); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Webb v. Commissioner*, 103 F. App'x 905, 906 (6th Cir. 2004). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Defendant does not dispute that plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees. Defendant made no attempt to satisfy defendant's burden of demonstrating that the government's position was substantially justified. *See Beck v. Commissioner*, No. 05-5418, 2006 WL 265459, at * 3 (6th Cir. Feb. 1, 2006). The court finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

Unfortunately, the one-page document that the parties submitted in support of the joint motion is insufficient to support an award of EAJA fees in the amount of $3500. The Sixth Circuit

has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Bagley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). Plaintiff seeks to recover attorney's fees at an hourly rate of $157.50 per hour. The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). In *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), the Supreme Court observed that the statutory $125 per hour cap applies "in the mine run of cases," and the parties have submitted nothing to this court establishing a basis for an award at a rate in excess of the statutory cap.

Plaintiff's attorney represents to the court that he spent 23.5 hours on this appeal of an administrative decision denying plaintiff's claim for SSI benefits.[2] Counsel spent an unusually long time, 19.67 hours, in the "preparation and filing of plaintiff's brief." The statement provides only a lump sum with no further breakdown of tasks performed by counsel and the time devoted to specific tasks such as research and drafting. Ambiguous handwritten editing marks make it unclear whether plaintiff is seeking to recover for the itemized time attributed to counsel's receipt and review of the court's order to show cause why this lawsuit should not be dismissed for failure to prosecute. In any event, in order to have arrived at the $3500 figure applying a billing rate of $157.50 per hour, plaintiff's attorney must have "written off" approximately 1.3 hours ($3500/$157.50=22.22). The court finds that 22.2 hours represents the time plaintiff's attorney reasonably expended. Therefore, judgment will be entered in plaintiff's favor against defendant in the amount of $2,775.

---

[2]The motion and one-page itemized statement are not supported by any affidavit.

**Conclusion**

For the reasons set forth herein, the stipulated motion for attorney's fees pursuant to the EAJA will be granted in part and denied in part and judgment will be entered in plaintiff's favor against defendant in the amount of $2,775.

Dated:      April 6, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE