UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD J. BENTLEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

File No. 1:05-CV-526

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This action comes before the Court on objections filed by Plaintiff's attorney, James R. Rinck ("Counsel"), to the Magistrate Judge's September 20, 2007, Report and Recommendation ("R&R") recommending that Counsel's motion for award of attorney's fees pursuant to 42 U.S.C. § 406(b) be denied. This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Counsel objects to the recommendation that his fee request be denied. He contends that the R&R has applied an unduly strict interpretation of unsettled law concerning the time period for filing a motion for § 406(b) attorney fees after a remand and that it erroneously concludes that the fee request is unreasonable.

**A. Timeliness of the § 406(b) Fee Petition**

Counsel's May 14, 2007, motion for attorney fees pursuant to § 406(b), (Dkt. No. 23), was filed more than a year after this Court entered its January 31, 2006, judgment reversing and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Dkt. No. 19, Jgmt.) A sentence-four remand requires entry of judgment at the time of the remand. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). "Unless otherwise provided by statute or order of the court," a motion for attorney's fees "must be filed no later than 14 days after entry of judgment . . . ." Fed. R. Civ. P. 54(d)(2)(B). Section 406(b) does not contain a specific time limit for filing a motion for attorney's fees. The Magistrate Judge accordingly determined that Rule 54(d)(2)(B) governs the timing of the § 406(b) motion and that Counsel's motion should be denied as untimely. *See Bergen v. Barnhart*, 454 F.3d 1273, 1277 (11th cir. 2006) ("We agree with the Fifth Circuit that Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Pierce v. Barnhart*, 440 F.3d 657 (5th Cir. 2006) (applying Rule 54(d)(2) to a § 406(b) claim).

Counsel acknowledges that his motion was filed over a year after entry of judgment, but nevertheless contends that his motion is timely because an attorney fee award under § 406(b) cannot be determined until there is a determination as to the amount of the past-due

benefits.[1] Counsel has presented evidence that the Administrative Law Judge did not issue his new determination until November 24, 2006, and that the new determination resulted in the issuance of multiple Notices of Award for Plaintiff and his children between the dates of March 20, 2007, through September 1, 2007. Counsel contends that he did not file a request for § 406(b) fees within fourteen days of this Court's judgment of remand because no benefits had yet been awarded and the motion would likely have been dismissed as premature. Counsel urges the Court to follow the Tenth Circuit's lead and to allow a motion for § 406(b) fees within a "reasonable time" after the Commissioner's decision awarding benefits pursuant to Rule 60(b)(6). *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) ("We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.").

The Court agrees with the Magistrate Judge that the Tenth Circuit's resort to the catchall provision of Rule 60(b)(6) is not appropriate. A § 406(b) motion for attorney's fees cannot be viewed as a motion for relief from judgment without straining the meaning and purpose of a motion for relief from judgment under Rule 60. The Court also agrees with the Magistrate Judge that because § 406(b) does not address the timing of a fee petition, Rule 54(d)(2)(B) should govern the timing of the fee petition. Nevertheless, it is clear that Rule 54(d)(2)(B) and § 406(b) do not fit easily together. While the Court does not agree with

---

[1] Section 406(b) provides in pertinent part that the court may allow a reasonable fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b).

3

*McGraw's* recommendation that attorneys employ Rule 60(b)(6) when they seek a § 406(b) fee award, *McGraw* does point out the very real difficulties of applying Rule 54(d)(2)(B) to § 406(b) fee petitions when benefits are awarded after a remand.

By its terms § 406(b) conditions the right to fees on the award of benefits and caps any award of attorney fees at 25 percent of the total of the past-due benefits. 42 U.S.C. § 406(b). Accordingly, a court cannot determine either the right to a fee award or the amount of a fee award until after past-due benefits are awarded. "[A] predicate to a § 406(b)(1) fee award is that the claimant eventually be awarded past-due benefits, whether at the agency level or during further judicial proceedings." *McGraw*, 450 F.3d at 503. However, because it generally takes more than fourteen days after the remand for the Commissioner to make a new determination, *McGraw* questions how counsel can seek, and how a district court can order a § 406(b) fee award in compliance with Rule 54(d)(2)(B). *Id.* at 504. *McGraw* considered the option of entering a contingent ruling on a § 406(b) fee motion filed within the fourteen-day period, but noted that federal courts do not have authority to issue decisions on hypothetical issues and that a contingent decision prior to an award of benefits would abrogate the court's responsibility to ensure that the award is still reasonable in the circumstances of the particular case. *Id.*

The difficulties noted by the Tenth Circuit in *McGraw* are apparent even in those cases that have applied Rule 54(d)(2) to § 406(b) motions. In *Pierce* the two § 406(b) fee

4

petitions were filed twenty and thirty days after the remand.[2] Although they were filed more than fourteen days after the order of remand they were not dismissed as untimely. Rather, they were dismissed as premature because the claimants had not been found disabled or awarded benefits by an ALJ pursuant to the administrative review called for in the remand orders. 440 F.3d at 660. When the § 406(b) fee petitions were re-filed after benefits were awarded, they were dismissed as untimely. On appeal the Fifth Circuit held that because the district court did not impose a cut-off date for refiling the § 406(b) fee petitions, the district court abused its discretion when it labeled the re-filed § 406(b) fee petitions as "untimely." *Id.* at 664.

In *Bergen* the district court dismissed a § 406(b) fee petition because it was not timely filed under Rule 54(d)(2). 454 F.3d at 1275. The Eleventh Circuit reversed. Although the Eleventh Circuit agreed with the district court that Rule 54(d)(2) applied to the § 406(b) petition, and although the petition was not filed until after benefits had been awarded on remand (presumably more than fourteen days after the remand order), the Eleventh Circuit reversed the district court's determination that the fee petition was untimely, but declined to decide when the fourteen-day period for filing a § 406(b) petition began: "Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not

---

[2]The remand orders were entered on April 4, 2003 and April 2, 2003, and the fee petitions were filed on May 5, 2003, and April 22, 2003. *Pierce*, 440 F.3d at 659.

address this issue in this case and merely hold that the petitions were timely." *Id.* at 1277-78.[3]

One district court, after noting that a strict enforcement of Rule 54(d)(2) would be unworkable, has suggested that it may be possible for the fourteen-day time-period to be equitably tolled until the Commissioner issues its notice of award of benefits. *Garland v. Astrue*, 492 F. Supp. 2d 216, 220 (E.D.N.Y. 2007). Other courts, without awaiting a § 406(b) fee petition, have chosen to include a provision in the order of remand granting the plaintiff's attorney an extension of time to file a § 406(b) fee petition until thirty days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *See, e.g.*, *Haugen v. Astrue*, 497 F. Supp. 2d 1315, 1328 (N.D. Ala. 2007); *Vo v. Astrue*, No. 9:06-1624, 2007 WL 3085360, *16 n.5 (D.S.C. Sept. 5, 2007).

In enacting § 406(b) Congress sought to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002); *see also Bergen*, 454 F.3d at 1277 (noting that the underlying congressional policy behind § 406(b) was to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees). Given the lack of guidance from the Sixth Circuit on the

---

[3]This opinion vacated and superseded an earlier opinion which held that the fourteen-day period should run from the day the award notice is issued. *See Bergen v. Comm'r of Social Sec.*, 444 F.3d 1281, 1286 (11th Cir. 2006), *vacated and superseded*, 454 F.3d 1273 (11th Cir. 2006).

timing of § 406(b) fee petitions and the variety of approaches taken in other jurisdictions, the denial of a § 406(b) fee petition on the basis that it was not filed within fourteen days of a remand order would be exceedingly harsh, and would not further the § 406(b) policy goals of encouraging the representation of Social Security claimants.  Such a strict application of Rule 54(d)(2)(B) would also elevate form over substance because neither the right to an award nor the amount of the award could be determined at that time.  While the Court declines to adopt a rule for all future cases, the Court believes that for purposes of this case, Counsel's § 406(b) petition should be considered under equitable tolling principles.

In deciding whether equitable tolling should apply, the Court considers the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

In view of the unsettled nature of the law, the Court finds that Counsel reasonably lacked notice or constructive knowledge of the applicable time period for filing his § 406(b) petition.  He acted with reasonable diligence in filing his fee petition within two months of the first notice of award and prior to the issuance of all of the notices of award that resulted from the Commissioner's decision after the remand.  The Court agrees with the Magistrate

Judge that the Commissioner has no financial incentive to assert a challenge to the timeliness of a § 406(b) fee petition, and the Court can certainly exercise its judicial discretion to deny a fee application as untimely even if the Commissioner fails to object on that ground. *See Garland*, 492 F. Supp. 2d at 222. Nevertheless, the Commissioner's failure to object to the timeliness of the fee petition is not insignificant. The Commissioner still "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6. Here there is no evidence that allowing this fee petition will prejudice either the Commissioner or the claimant. The Court is satisfied that equitable tolling should apply and that Counsel's fee petition should be deemed timely.

**B. Reasonableness of the Fees Requested**

Counsel also objects to the Magistrate Judge's alternative ruling that even if the fee request is timely, Counsel is not entitled to fees because he does not have a contingent fee agreement and any award of fees beyond those already awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, would constitute an improper windfall.

Counsel has requested fees in the amount of "$17,300.00, which amount constitutes 25% of Plaintiff's past-due benefits." (Dkt. No. 23, Rinck Aff. ¶ 11.) Counsel advises that he will refund Plaintiff the $5,300.00 in fees already paid to him, or alternatively suggests that the Court simply order that Counsel be paid the net sum of $12,000.00. (*Id.*)

8

Counsel acknowledges that he does not have a contingent fee agreement that references or otherwise addresses his representation of Plaintiff before the Court.[4] Counsel contends that notwithstanding the lack of a contingent fee agreement, his request for a contingent fee is reasonable because the fees he seeks now, together with the fees he has already received, would represent only 11 percent of Plaintiff's total award. Counsel contends he may be awarded a contingent fee under *Gisbrecht*, 535 U.S. at 807, as long as he demonstrates that it is reasonable.

The Court agrees with the Magistrate Judge that Counsel is not entitled to a contingent fee. Contrary to Counsel's assertions, *Gisbrecht* did not authorize the award of a contingent fee under § 406(b) in the absence of a contingent fee agreement. The Supreme Court held in *Gisbrecht* that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded **by those agreements**." *Id.* (emphasis added).

In the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the "lodestar" – the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

On the issue of a reasonable fee, the Magistrate Judge determined that any award of attorney's fees beyond the EAJA fees Counsel has already received would constitute a

---

[4]Counsel's fee agreement with Plaintiff only addresses fees under § 406(a) for his representation of Plaintiff in administrative proceedings before the Commissioner.

windfall. The Magistrate Judge accordingly recommended that no additional attorney's fees be awarded. Counsel objects to this recommendation.

Under the EAJA Counsel was compensated for 22.2 hours at the rate of $125.00 per hour. (Dkt. No. 21, Mem. Op. 3.) In setting the hourly rate this Court noted that the statutory $125 per hour cap found in the EAJA[5] applies "in the mine run of cases," *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), and that the parties had submitted nothing establishing a basis for an award at a rate in excess of the statutory cap. (*Id.*)

Counsel does not challenge the Court's calculation of the number of hours reasonably expended in representing Plaintiff before this Court.[6] However, he contends that he should be compensated under § 406(b) at his regular hourly rate of $200.00. (Rinck Aff. ¶ 7.)

The Court disagrees with the Magistrate Judge's conclusion that Counsel should be limited to the hourly rate set in his EAJA petition. There is no statutory cap for fees under § 406(b) other than the requirement that the fees be reasonable. In light of the length of Counsel's representation of Plaintiff in this case, the success achieved, and § 406(b)'s goal of encouraging representation of Social Security plaintiffs, this Court concludes that a

---

[5]The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412.

[6]Although Counsel recited the number of hours he expended in representing Plaintiff before the Social Security Administration and the Workers Compensation Board, he clarified in his Supplemental Brief that he is not seeking reimbursement under § 406(b) for these hours. (Dkt. No. 28, Pl. Supp. Br. ¶ 1.)

reasonable amount for an award of attorney fees under 42 U.S.C. § 406(b) in this case is $4,440.00, which represents 22.2 hours at Counsel's regular rate of $200.00 per hour.

Fees may be awarded for the same work under both § 406(b) and the EAJA, but when there are two awards, the attorney is required to refund the smaller of the two fees to the claimant:

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."

*Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186). *See also Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989) ("In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.").

Because Counsel was previously awarded $2,775.00 under the EAJA for representing Plaintiff in the same court proceedings, Counsel will be required to refund $2,775.00 (the amount of the lesser of the two awards) to Plaintiff.

An order consistent with this opinion will be entered.

Date:    November 19, 2007       /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT JUDGE